UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OHIO CASUALTY INSURANCE COMPANY,

    Plaintiff,

- against -

TRANSCONTINENTAL INSURANCE COMPANY,

    Defendant.

OPINION AND ORDER

05 Civ. 6432 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Ohio Casualty Insurance Company ("Ohio Casualty"), brings this action against defendant Transcontinental Insurance Company ("Transcontinental"), seeking reimbursement for payments made to settle a tort action in New York State Supreme Court. Ohio Casualty asks the Court 1) to order Transcontinental to produce discovery records; 2) for permission to amend its complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure; and 3) to extend the deadline to serve motions for summary judgment. For the reasons which follow, Ohio Casualty's requests are **GRANTED**, in part, and **DENIED**, in part.

## II. BACKGROUND

On March 31, 2006, Ohio Casualty filed a motion to compel O'Connor, Redd, Golihue & Sklarin, LLP ("O'Connor"), a third party, to comply with a *subpoena duces tecum* seeking 1) the production of records related to the underlying tort action, and 2) a privilege log listing the records being withheld and the basis for their non-disclosure. O'Connor forwarded the contested records to Transcontinental for review and disclosure. Subsequently, Transcontinental produced contested records and a privilege log listing withheld documents. On April 21, 2006, Ohio

Casualty informed the Court that this production was incomplete, and asked the Court to order the production of outstanding records. It also asked the Court for permission to amend its complaint to include a specific cause of action for breach of fiduciary duty, and for an extension of the deadline to serve motions for summary judgment. On May 11, 2006, Ohio Casualty informed the Court that the contested records had been produced. Since the dispute concerning the contested records has been resolved, this issue is now moot, and the pending motion to compel is **DENIED**. In addition, the parties agree that the deadline to serve motions for summary judgment should be extended. The only contested issue, therefore, is the motion to amend which Transcontinental opposes on the grounds that the proposed claims lacks merit.

### III. DISCUSSION

**A.     Amendment**

**1.     The Legal Standard**

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. Rule 15(a). Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the Court whether to allow amendment, **John Hancock Mutual Life Insurance Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir.

1994), and the Court may deny permission to amend in whole or in part. An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendant. **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

    **2.**     **Breach of Fiduciary Duty**

Ohio Casualty's proposed amendment alleges a breach of fiduciary duty. According to Ohio Casualty, Transcontinental has 1) withheld substantive records concerning the underlying tort action; and 2) misrepresented factual settlement strategy and trial information in the underlying action, or manipulated the claims in that action to limit its exposure under its liability policy. It contends that these actions breached the fiduciary duty Transcontinental owed to Ohio Casualty. It maintains that its application to amend is timely because both of these issues were raised recently. It also argues that the inclusion of this cause of action does not necessitate any further discovery because it arises from the same transaction as the claims in the original complaint. Transcontinental argues that there simply has been no breach of fiduciary duty and that Ohio Casualty cannot articulate a viable legal basis for this claim.

The parties dispute the facts underlying the breach of fiduciary duty claim. For purposes of filing an amended complaint, Ohio Casualty's allegations need only state a claim on which relief can be granted. **Chowdhury v. Haveli Restaurant, Inc.**, 2005 WL 1037416, at *2 (S.D.N.Y. May 3, 2005). The relevant questions are whether the proposed amendment is untimely, futile, made in bad faith, or will prejudice Transcontinental. Since the motion to amend the complaint was filed immediately following the discovery of new information, and appears to necessitate no additional discovery, the Court finds that this amendment will not

prejudice Transcontinental or delay the prosecution of this litigation. There is no evidence of bad faith. Therefore, the Court finds that Ohio Casualty satisfies the pleading requirements, and its request for leave to file this amendment is **GRANTED**.

### 2. Deadline for Summary Judgment Motions

Both parties join in the request for an extension of time to July 26, 2006, to serve summary judgment motions. Since this request is unopposed, and for good cause shown, the extension is **GRANTED**. The parties shall serve summary judgment motions by **July 26, 2006**.

### IV. CONCLUSION

For the foregoing reasons, the pending motion to compel is **DENIED** as moot, and Ohio Casualty's request for leave to amend the complaint is **GRANTED**. Ohio Casualty shall file the amended complaint by **May 19, 2006**. The parties shall serve summary judgment motions by **July 26, 2006**.

**SO ORDERED this 15th day of May 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4