**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

**OHIO CASUALTY INSURANCE COMPANY,**

        **Plaintiff,**

- against -

**TRANSCONTINENTAL INSURANCE COMPANY,**

        **Defendant.**

**OPINION AND ORDER**

**05 Civ. 6432 (BSJ) (RLE)**

------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Ohio Casualty Insurance Company ("Ohio Casualty"), brings this action against defendant Transcontinental Insurance Company ("Transcontinental"), seeking reimbursement for payments made to settle a tort action in New York State Supreme Court. Pending before the Court is Ohio Casualty's application for leave to amend the first and second causes of action in its complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure. For the reasons which follow, Ohio Casualty's request is **GRANTED**.

## II. BACKGROUND

On May 15, 2006, the Court granted Ohio Casualty's application for leave to file an amended complaint to include a specific cause of action for breach of fiduciary duty. Ohio Casualty now seeks to amend its first and second causes of action to specifically request a one hundred percent reimbursement of the $6,070,000 settlement payment in the underlying tort action. Although Transcontinental asserts that the amendment lacks merit, it does not set forth any factual or legal arguments in support of this claim. Transcontinental takes no position with respect to the pending application.

### III. DISCUSSION

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. **Id**. Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the Court whether to allow amendment, **John Hancock Mutual Life Insurance Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994), and the Court may deny permission to amend in whole or in part. An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendant. **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

Ohio Casualty's proposed amendments specifically seek a one hundred percent reimbursement of the settlement payment in the underlying tort action. Ohio Casualty argues that this amendment does not necessitate any further discovery because it arises from the same transaction as the claims in the original complaint. Since the amendment appears to necessitate no additional discovery, the Court finds that this amendment will not prejudice Transcontinental or delay the prosecution of this litigation. There is no evidence of bad faith. The Court finds that Ohio Casualty satisfies the pleading requirements, and its request for leave to file this amendment is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Ohio Casualty's request for leave to amend the complaint is

**GRANTED.** Ohio Casualty shall file the amended complaint by **June 5, 2006**.

**SO ORDERED this 30th day of May 2006**
**New York, New York**

*Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**